# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAVIS COES,

                    **Plaintiff,**

-vs-                                                   **Case No.  6:05-cv-563-Orl-22KRS**

WORLD WIDE REVIVAL, INC., d/b/a:
World Wide Express Bus Co.,  and BISHOP
L. WILLIAMS,

                    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (Doc. No. 31)** |
| **FILED:** | **July 27, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS (Doc. No. 32)** |
| **FILED:** | **July 27, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On June 21, 2006, Plaintiff Mavis Coes served interrogatories and requests for production of

documents on Defendants World Wide Revival, Inc. d/b/a World Wide Express Bus Co. (World

Wide) and Bishop Williams.  Although not entirely clear from the motion, it appears that the defendants failed to respond to either discovery request.

Plaintiff Coes also noticed a deposition of Defendant Williams and a Deposition World Wide pursuant to Federal Rule of Civil Procedure 30(b)(6) to be conducted on July 18, 2006.  Neither Williams nor a representative of World Wide appeared at the depositions.

In the above-captioned motions, Coes seeks an order compelling the defendants to provide the requested discovery and seeking sanctions for the costs incurred in bringing the motions.  As of the writing of this order, neither defendant had responded to either motion, and the time for doing so is passed.  Accordingly, I treat the motions as unopposed.

It is **ORDERED** that, on or before August 25, 2006, Defendant Williams and World Wide shall provide counsel for Coes with sworn answers to the interrogatories and shall produce all documents called for in the requests for production of documents for inspection and copying.  All objections other than privilege and protection have been waived by the defendants' failure to assert them timely.  To the extent that the defendants contend that any of the information sought is privileged or protected, they must serve with the responses to the discovery requests a privilege log setting forth each item of discovery withheld pursuant to a claim of privilege or protection.  Any privilege log must identify each document or item of information withheld pursuant to a claim of privilege or protection, by date, speaker or author, recipients who heard or received copies of the information or document (including recipients of copies), specific privilege or protection claimed, and it shall describe the subject matter of each document or item of withheld information in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed.

-2-

R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log should be sufficient on its face to establish a *prima facie* basis to support the assertion of each claimed privilege or protection.

It is further **ORDERED** that Defendant Williams and a representative of World Wide shall appear at the offices of counsel for Coes on or before August 31, 2006, at such date and time as noticed by counsel for Coes, for their depositions.

It is further **ORDERED** that, on or before August 31, 2006, Williams and World Wide shall tender to counsel for Coes the sum of $500.00 to compensate Coes, in part, for the attorneys' fees and costs incurred, including the costs of the court reporter to attend the depositions at which the defendants did not appear.

Williams and World Wide, and their attorney, are cautioned that failure to abide by the requirements of this order may result in sanctions against them personally and may result in a recommendation that the Court enter a default judgment against the defendants.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties